To the petition was appended a copy of the case, made (355) up by the presiding judge below, from which it appeared that the plaintiff declared, as assignee of Robert Hairston, upon a written agreement, in these words: "Memorandum of an agreement made between Robert Hairston and Joel Estes and W. and E. W. Estes, all of the county of Pittsylvania, Virginia. The said Hairston agrees to sell the said Estes his crop of tobacco at the following plantations (naming them), estimated at between 60,000 and 80,000 weight, for which said Estes agrees to give the said Hairston $10 per hundredweight, payable at or before 1 December next. The tobacco to be delivered by 25 April next." This agreement was executed in Virginia, in March, 1818, when the parties resided in that State. The assignment under which the plaintiff claimed to sue on the contract was not indorsed thereon or attached thereto, but was written on a separate paper, and executed in Stokes County, North Carolina, 4 December, 1822. By this instrument, Robert Hairston assigned to Peter all his interest "in and to a certain instrument of writing relative to a tobacco contract, signed, etc." (describing it), and also "appointing him the attorney in fact of Robert, to sue in his (Peter's) name, and recover to his own use, etc."
It was insisted by the defendant's counsel that the contract declared upon was not assignable in North Carolina, whatever might be the law of Virginia, and that no assignment made here could enable the plaintiff to sue in his own name, and also that if the contract were assignable, yet the interest therein could not be transferred by a writing on a separate paper entirely detached from the contract intended to be assigned.
But the presiding judge (Daniel) was of opinion against the defendant on both points, and the plaintiff had a verdict.
On hearing the petition of Estes, with the accompanying (356) affidavits, and the case made by the judge below, the Court were clearly of opinion that the judge had erred, and said, even if the contract were assignable, the position could not be maintained that such assignment could be made on a detached paper. It must appear on the same paper on which the contract to be assigned is written, though it is not material on what part of the paper, whether on the face or the back.
The only difficulty seemed to be how to get the case before the Court; that it was a clear case for a certiorari; but the Court doubted its power to dispense with security, *Page 232 
though if the Court possessed the power it would feel no hesitation to exercise it, as the petitioner's case seemed to be one of hardship and oppression. A few days after,
TAYLOR, C. J., informed the counsel that he and his brothers had considered the case, and were of opinion that security must be required; that the certiorari is merely a substitute for an appeal, where the party has been deprived of the benefit of the latter by accident, etc., and is intended to place the party in the same situation as if he had obtained his appeal. But as the law is imperative that no appeal shall be granted without security, the certiorari which is substituted for the appeal must be subject to the like condition. He added that the Court had reluctantly come to this conclusion, being very desirous to aid the petitioner, whose situation seemed to render it very difficult to procure surety, and whose case demanded relief.
It was thereupon ordered that a certiorari issue, and a special writ to the sheriff, commanding him, on security being given for the certiorari, and that fact certified to him by the clerk of the court below, that he should admit the petitioner to bail and discharge him out of custody.
Approved: Collins v. Nall, 14 N.C. 224; Chastian v. Chastian, 87 N.C. 283.
Overruled: Baker v. Halstead, 44 N.C. 41; Bledsoe v. Snow, 48 N.C. 99.
Distinguished: S. v. Warren, 100 N.C. 489.
(357)